114 N.J. Super. 417 (1970)
276 A.2d 866
FRANCES MURRAY AND JOHN A. MURRAY, PLAINTIFFS-RESPONDENTS,
v.
ANDREW J. MICHALAK AND JEAN K. MICHALAK, T/A THE CHANCELLOR GUEST HOME, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 23, 1970.
Decided December 16, 1970.
Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. Jay H. Greenblatt argued the cause for appellants (Messrs. Greenblatt and Greenblatt, attorneys).
*418 Mr. William J. Hughes argued the cause for respondents (Messrs. Loveland, Hughes and Garrett, attorneys; Mr. Arthur T. Ford, III, on the brief).
The opinion of the court was delivered by MOUNTAIN, J.A.D.
Defendants appeal from a judgment entered upon a jury verdict in favor of plaintiffs. They allege as error the refusal of the trial court to grant their motions for judgment at the conclusion of the plaintiffs' case and for judgment non obstante veredicto following the return of a verdict favorable to plaintiffs. Defendants offered no proofs.
The root of a tree elevated a flagstone in defendants' sidewalk. The tree was growing in the strip of ground that commonly is to be found between sidewalk and curb. While walking along the sidewalk plaintiff, Frances Murray, tripped over the raised slab, fell and sustained injuries.
There was no testimony as to who planted the tree. An expert called by the plaintiffs estimated it had been planted 15-25 years before the accident. It was also shown that the municipality (Ocean City) had no shade tree commission, never had one, nor did it care for or maintain the city's shade trees. On the other hand, there was uncontradicted testimony that defendants as well as their immediate predecessors in title, had never tended the tree nor had they ever sought to repair the sidewalk. Upon this evidence the court found that a jury might reasonably draw an inference that the tree had been planted by a former owner of defendants' property and that hence this issue  who planted the tree  should go to the jury. We cannot agree.
An abutting owner is not liable for injuries suffered by a pedestrian on a defective or dilapidated sidewalk even though it constitutes a nuisance, unless the proofs show that that owner or his predecessor in title participated in the creation or continuance of the nuisance. Rupp v. Bergess, 70 N.J.L. 7 (Sup. Ct. 1903); Rose v. Slough, 92 N.J.L. 233 (E. & A. 1918); Murphy v. Fair Oaks Sanatorium, *419 127 N.J.L. 255 (E. & A. 1941); cf. American Law Institute, Restatement of the Law, 2 Torts (Negligence, sec. 349-50, pp. 956-960; Negligence Law in New Jersey, Stevenson (1945), pp. 132-133. The owner of premises abutting a public sidewalk is not responsible for defects therein caused by the action of the elements or by wear and tear incident to public use, and not caused by his own wrongful act. Rupp v. Burgess, supra; Volke v. Otway, 115 N.J.L. 553 (E. & A. 1935); Halloway v. Goldenberg, 4 N.J. Super. 488 (App. Div. 1949); Snidman v. Dorfman, 7 N.J. Super. 207 (App. Div. 1950). [Moskowitz v. Herman, 16 N.J. 223, 225-226 (1954)]
A plaintiff does not make out a prima facie case against an abutting owner merely by putting in proof of the existence of a nuisance, and he cannot thereby throw upon the owner the burden of establishing that neither he nor his predecessor in title is responsible for its creation or continuance. (citing cases) On the contrary, plaintiff has the burden of proving that the owner or his predecessor in title was responsible therefor. [Lambe v. Reardon, 69 N.J. Super. 57, 64-65 (App. Div. 1961), certif. den. 36 N.J. 138 (1961)]
It must be conceded that the proofs necessary to establish a prima facie case may often be difficult or impossible for a plaintiff to discover. But this court has said,
We come then to the question whether there is a presumption, or a rule affecting the burden of proof, which aids the plaintiffs. In the present case, as above observed, there is no proof that the defective work on the sidewalk, undertaken 23 to 25 years before the accident, was performed by or chargeable to one of defendants' predecessors in title. But, it will be asked, is it not so likely that the work was imputable to a predecessor in title that we may presume it? Perhaps over the years, municipalities, the Works Progress Administration, utilities and others whose acts are not properly imputable to the owner, have built or performed work on sidewalks with such frequency that no such presumption can fairly be indulged. It will be observed that the cases attempt to find in the proofs some basis, even though at times not strong, for drawing an inference that the abutting owner or a predecessor in title caused the work to be done.

* * * * * * * *
In any event it is held that if there is no proof as to who performed the work, there must be a judgment for the defendant. [Orlik v. De Almeida, 45 N.J. Super. 403, 408 (App. Div. 1957)]
In our view the proofs justify no inference as to who planted the tree, and accordingly we must conclude that plaintiffs have not sustained the necessary burden of proof. Defendants' motion for judgment should have been granted.
*420 Plaintiffs ask us to depart from existing case law and adopt the so-called Pennsylvania rule with respect to sidewalk injury cases such as this one. Dissatisfaction with the prevailing rule in this state provoked the same argument in an earlier case and we can only repeat the answer there given.
The briefs deal with the power of the court to alter the decisional law. However, it is not the function of the Appellate Division to alter a rule solidly supported by the courts of last resort. [Orlik v. De Almeida, supra, at 409.]
Reversed, with directions to enter judgment for defendants.