**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1395-17T3

WILLIAM M. REINHARDT,

     Plaintiff-Appellant,

v.

MAUREEN GORNOWSKI and
ROBERT GORNOWSKI,

     Defendants-Respondents.

_____

Submitted November 8, 2018 – Decided November 26, 2018

Before Judges Nugent and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0345-16.

Joseph P. Grimes, attorney for appellant.

Law Offices of Styliades and Jackson, attorneys for respondents (Madhumita Dey, on the brief).

PER CURIAM

Plaintiff William M. Reinhardt appeals from an October 13, 2017 order granting defendants Maureen and Robert Gornowski summary judgment and dismissing plaintiff's complaint. We affirm.

The following facts are taken from the record. The parties are neighbors and reside in Cherry Hill. Plaintiff had been residing next door when defendants purchased their residence in 1984. In January 2014, plaintiff sustained facial abrasions when he tripped and fell on a raised slab of the public sidewalk in front of defendants' residence while walking his dog. The sidewalk slab had been forced upwards because of a tree root growing beneath it.

Defendants admitted they had planted many trees on their property, but in the backyard. Although defendants were aware of the raised sidewalk, they denied planting trees near the sidewalk and there was no evidence in the record to the contrary. Additionally, some evidence was adduced during discovery that the parties disliked one another. Defendants repaired the sidewalk after the incident because they were cited by Cherry Hill Township for violating an ordinance, which required homeowners to maintain their sidewalk.

The motion judge concluded there was no evidence defendants planted the tree, which caused the sidewalk to buckle and become raised. The judge found the evidence of the parties dislike for one another was insufficient to undermine

A-1395-17T3

the credibility of defendants' claims they had not planted the tree. The judge stated "I'm having a little difficulty determining what a jury is expected to do with these facts."

The judge noted "the case law generally . . . says . . . residential propert[y] . . . owners are not responsible but in very limited instances." The judge also noted there was no expert testimony to date the tree to a point in time after defendants' arrival so, as to permit a jury to conclude defendants had planted the tree. Given the "flat out denial on the part of the defendants[,]" the judge concluded plaintiff failed to carry his burden, and therefore entered summary judgment.

## I.

"[W]e review the trial court's grant of summary judgment . . . under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (citing Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012)). The court considers all of the evidence submitted "in the light most favorable to the non-moving party," and determines if the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The court may not weigh the evidence and determine the truth of the matter. Ibid.

A-1395-17T3

If the evidence presented "show[s] that there is no real material issue, then summary judgment should be granted." Walker v. Atl. Chrysler Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987) (citing Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954)). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome [summary judgment]." Puder v. Buechel, 183 N.J. 428, 440-41 (2005).

On appeal, plaintiff argues defendants' ill will towards him, coupled with their improbable claim of having planted many trees — but not the offending tree — and their subsequent removal of the offending tree, was enough evidence of a genuine dispute of material fact to survive summary judgment. Plaintiff also urges we establish an exception to the general body of residential sidewalk immunity case law, and that we find liability where, as here, the condition of the sidewalk violated an ordinance requiring sidewalks be maintained in a safe manner. In his reply brief, plaintiff points to another unpublished decision where another panel imposed liability, and urges uniformity in our approach.

To sustain a cause of action for negligence, a plaintiff must prove four elements: (1) a duty of care, (2) breach of that duty, (3) proximate cause, and (4) actual damages. Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008). The burden is on the plaintiff to establish these elements "by some competent proof."

Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Overby v. Union Laundry Co., 28 N.J. Super. 100, 104 (App. Div. 1953)).

"[T]he question whether there is a 'duty' merely begs the more fundamental question whether the plaintiff's interests are entitled to legal protection against the defendant's conduct." J.S. v. R.T.H., 155 N.J. 330, 338 (1998) (alteration in original) (quoting Weinberg v. Dinger, 106 N.J. 469, 481 (1987)). "[I]mplicated in this analysis is an assessment of the defendant's 'responsibility for conditions creating the risk of harm' and an analysis of whether the defendant had sufficient control, opportunity, and ability to have avoided the risk of harm." Id. at 338-39 (quoting Kuzmicz v. Ivy Hill Apts., Inc., 147 N.J. 510, 515 (1997)). "Ultimately, the determination of the existence of a duty is a question of fairness and public policy." Id. at 339 (citing Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 502 (1997)).

Indeed,

> The scope of a duty is determined under "the totality of the circumstances," and must be "reasonable" under those circumstances. Factors to be taken into consideration include the risk of harm involved and the practicality of preventing it. When the defendant's actions are "relatively easily corrected" and the harm sought to be prevented is "serious," it is fair to impose a duty. In the final analysis, the "reasonableness of action" that constitutes such a duty is "an essentially

A-1395-17T3

> objective determination to be made on the basis of the material facts" of each case.
>
> [Id. at 339-40 (citations omitted).]

"Even as to foreseeable risks, however, it has been cautioned that 'not all foreseeable risks give rise to duties.'" Ivins v. Town Tavern, 335 N.J. Super. 188, 195 (App. Div. 2000) (quoting Williamson v. Waldman, 150 N.J. 232, 251 (1997)).

The principles governing liability of a property owner for the injuries arising from a dangerous condition of an abutting sidewalk are well-established. In Yanhko v. Fane, 70 N.J. 528, 534-37 (1976), the Supreme Court reaffirmed the long-standing principle "that, absent active misconduct, property owners would not be liable for dangerous sidewalk conditions." Luchejko v. City of Hoboken, 207 N.J. 191, 201-02 (2011) (recognizing the Court's affirmance of the common law rule in Yanhko, 70 N.J. at 534-37). The Supreme Court has taken special care to underscore that residential owners are unlike "commercial landowners [who] are responsible for maintaining in reasonably good condition the sidewalks abutting their property and are liable to pedestrians injured as a result of their negligent failure to do so." Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157 (1981).

6

Indeed, in Luchejko the Court reaffirmed the "commercial/residential dichotomy" noting that it "represents a fundamental choice not to impose sidewalk liability on homeowners[.]" 207 N.J. at 208. The Court stated the rule had been in place for almost three decades, and the rationale "remains sound[.]" Id. at 209. The Court stated "[r]esidential homeowners can safely rely on the fact that they will not be liable unless they create or exacerbate a dangerous sidewalk condition[.]" Id. at 210. Moreover, a plaintiff cannot establish a prima facie case of liability of a residential homeowner merely by presenting proof that the sidewalk was in a dangerous condition. Murray v. Michalak, 114 N.J. Super. 417, 419 (App. Div. 1970) (citing Lambe v. Reardon, 69 N.J. Super. 57, 64-65 (App. Div. 1961)).

Additionally, it also is well established a municipal ordinance requiring property owners to repair or maintain abutting sidewalks does not create a tort duty running from the property owner to a party injured as a result of a dangerous condition on the sidewalk. Luchejko, 207 N.J. at 200-01; Yanhko, 70 N.J. at 536. The rationale for this rule "is that such ordinances are not adopted for the intended purpose of protecting individual members of the public, but rather are to impose upon those regulated 'the public burdens of the municipal government.'" Luchejko, 207 N.J. at 200-01 (quoting Fielders v. N. Jersey St.

A-1395-17T3

<u>Ry. Co.</u>, 68 N.J.L. 343, 355 (E. & A. 1902)).  Also, where a defendant has been cited for violation of an ordinance and thereafter taken steps to comply with it, N.J.R.E. 407 clearly prohibits reliance on subsequent remedial measures "to prove that the event was caused by negligence or culpable conduct."

Here, it is undisputed defendants are residential property owners.  There is no evidence defendants planted the offending tree or that its appearance post-dated their ownership of the residence.  There is no evidence defendants negligently installed, repaired, or maintained the sidewalk.  Thus, there is no direct evidence of defendants' liability.  Furthermore, as the motion judge found, the lack of a neighborly relationship would not lead the jury to infer defendants were liable.  Instead, the facts presented in this case would only cause a jury to speculate as to liability.  Lastly, as we noted, the municipal ordinance violation and subsequent remedial measures taken by defendants do not create liability as a matter of law.  Thus, plaintiff did not establish a prima facie case of liability to survive summary judgment.[1]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Contrary to the argument raised in plaintiff's reply brief, there is nothing inconsistent between the outcome of this case and our published and unpublished cases in this subject matter, because our de novo review of summary judgment is always fact sensitive, while the legal principles we have applied have remained uniform.

A-1395-17T3