**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the Internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0564-20

SUSAN MONDIE and
DONALD MONDIE, as
husband and wife,

     Plaintiffs-Appellants,

v.

CHRISTOPHER LINTON and
TAMI WOLFELSPERGER,

     Defendants-Respondents,

and

TOWNSHIP OF BARNEGAT,

     Defendant.

_____

Argued October 14, 2021 – Decided November 22, 2021

Before Judges Hoffman, Whipple, and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2371-17.

Robert Y. Cook argued the cause for appellants (Levinson Axelrod, PA, attorneys; Robert Y. Cook and Matthew P. Pietrowski, on the briefs).

Chad M. Moore argued the cause for respondents (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Chad M. Moore, of counsel and on the brief).

PER CURIAM

In this personal injury matter, Susan Mondie and her husband, Donald Mondie,[1] appeal from a September 23, 2020 order granting summary judgment to defendants, Christopher Linton and Tami Wolfelsperger. We affirm.

On July 13, 2016, plaintiff, Susan, while walking her dog, tripped and fell on a raised sidewalk slab in front of defendants' home in Barnegat. Plaintiff fractured her left wrist and underwent surgery after the fall. Defendants owned the house, which was built in 1989. Plaintiffs identified a Callery pear tree growing a visually approximated few feet from the sidewalk near the raised slab, which they asserted raised the sidewalk.

Plaintiffs filed a complaint against defendants, the Township of Barnegat, and fictitious entities, on August 21, 2017. The Township was dismissed from the litigation.

---

[1] Donald Mondie asserted a per quod claim.

The court denied defendants' first motion for summary judgment without prejudice, pending completion of discovery. They refiled their motion on June 26, 2020. Plaintiffs had alleged that the Callery pear tree's root system caused the uneven slab and that defendants or their predecessors in title, the builder of the home, planted the tree. Defendants acknowledged the tree's presence but asserted they never planted trees on their property.

In support of their opposition to the motion, plaintiffs submitted an engineering expert report, which reviewed publicly available aerial photographs from 1972 to 2017 and opined that the tree was planted after the development was constructed, in part because Callery pear trees were popular plants for residential developers at the time of construction. The expert generally described how Callery pear trees have shallow root systems, which can raise sidewalks. The expert opined that the 15/16-inch (center and right side) and 1-1/16-inch (left side) change in sidewalk level was caused by the tree roots beneath the slab but did not explain how close the tree is to the sidewalk, how the roots grew from the tree, or whether he saw roots beneath the slab.

The motion court determined plaintiffs could not establish defendants' liability because plaintiffs only speculated without providing sufficient proof that a predecessor in title planted the trees. The court granted defendants' motion

A-0564-20

for summary judgment and dismissed plaintiffs' claims with prejudice on September 23, 2020. Plaintiffs appealed. Plaintiffs argue there are disputed facts over who planted the tree, so a jury could find the defendants liable for any harm caused by the tree if the jury determined defendants or their predecessors planted the tree. We disagree.

"We review the trial court's grant of summary judgment de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). We do not defer to a trial court's assessment of the documentary record, as the decision to grant or withhold summary judgment does not hinge upon a judge's determinations of the credibility of testimony rendered in court; rather, it determines a question of law. See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

A court should grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). An issue does not create a genuine dispute "[i]f there exists a single, unavoidable resolution of the alleged disputed issue of

fact." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Thus, summary judgment is appropriate when "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." State v. Perini Corp., 221 N.J. 412, 425 (2015) (quoting Brill, 142 N.J. at 540). A party cannot overcome the motion with "conclusory and self-serving assertions." Puder v. Buechel, 183 N.J. 428, 440-41 (2005).

Plaintiffs cannot show that either defendants or their predecessors planted the tree, so plaintiffs cannot assert a duty owed to plaintiff to assert a viable negligence claim. To prove a negligence claim, a plaintiff must support each of four elements with "some competent proof," Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Overby v. Union Laundry Co., 28 N.J. Super. 100, 104 (App. Div. 1953)), to demonstrate each element by a preponderance of the evidence, see Townsend v. Pierre, 221 N.J. 36, 51-52 (2015). These elements are: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." Id. at 51 (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). Together, a plaintiff must prove that a defendant's unreasonable acts or omissions breached a duty that proximately

A-0564-20

caused plaintiff's injury. We review the presence or absence of an enforceable duty as a question of law. Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 502 (1997).

Residential homeowners are only responsible for injuries on a sidewalk adjacent to their properties if they "create or exacerbate a dangerous sidewalk condition." Luchejko v. City of Hoboken, 207 N.J. 191, 210 (2011). In New Jersey, residential property owners, unlike commercial property owners, do not have a duty to maintain the sidewalks adjacent to their land so long as they do not affirmatively create a hazardous condition. See Lodato v. Evesham Twp., 388 N.J. Super. 501, 507 (App. Div. 2006) (holding residential landowners remain protected by common-law public sidewalk immunity).

Plaintiffs offer Deberjeois v. Schneider, 254 N.J. Super. 694 (Law Div. 1991), as support, but we consider that case to be unlike plaintiffs' case. In Deberjeois, a plaintiff injured herself by tripping over a raised sidewalk caused by tree roots from defendant-homeowner's property. Id. at 696. The defendant moved for summary judgment because he was not responsible for the roots altering the sidewalk. See id. at 697. The plaintiff argued that defendants were responsible for her injuries through "the affirmative act of the planting of a tree

. . . ." Ibid. The court addressed "whether the defect in the sidewalk was caused by a natural condition of the land or by an artificial one." Id. at 698.

The Deberjeois court relied on the Restatement (Second) of Torts § 363 cmt. b (1965) to define "natural condition of land" as:

> to indicate that the condition of land has not been changed by any act of a human being, whether the possessor or any of his predecessors in possession, or a third person dealing with the land either with or without the consent of the then possessor. It is also used to include the natural growth of trees, weeds, and other vegetation upon land not artificially made receptive to them.
>
> [Id. at 699 (citing Restatement, § 363 cmt. b).]

According to the court, that section instructs that a "tree[] planted by a property owner is an artificial condition for which the property owner is liable [because] 'a structure erected upon land is a non-natural or artificial condition, as are trees or plants planted or preserved,'" id. at 700 (quoting Restatement § 363 cmt. b), so planting constitutes an owner's affirmative act subject to liability, id. at 703.

The Deberjeois court concluded liability could be imposed if a property owner plants a tree in a location where he or she "could readily foresee . . . the roots of the tree extending underneath the sidewalk causing it to be elevated." Ibid. The appellate court's affirming opinion confirms the tree was planted by a

A-0564-20

predecessor in title, but without specific reference to the proofs. <u>Deberjeois v. Schneider</u>, 260 N.J. Super. 518, 518-19 (App. Div. 1992).

<u>Deberjeois</u> does not bring plaintiffs to prevail because they cannot show defendants or their predecessors in title affirmatively planted a tree, which might have raised the sidewalk. Plaintiffs have the burden of proving who planted the tree; defendant-homeowners do not have a burden to show they nor their predecessor did not plant the tree. <u>See</u> <u>Murray v. Michalak</u>, 114 N.J. Super. 417, 419 (App. Div. 1970) ("[I]f there is no proof as to who performed the work, there must be a judgment for the defendant."), <u>aff'd</u>, 58 N.J. 220 (1971). Plaintiffs provided some reports and other evidence, but these were insufficient to show how and when the tree was planted to connect defendants to the tree.

Plaintiffs' expert opined that because the photographs show trees present and absent over eight years, the developer whose title passed to defendants must have planted them while constructing the development. Plaintiffs also reference the township's code enforcement officer, who speculated in his deposition that the developers likely planted the trees because "[t]hey kind of match" throughout the neighborhood.

Such broad conclusions did not prove defendants or predecessors planted the tree, which the court explained in its written opinion granting summary

judgment. Plaintiffs' expert's report did not include or consider the distance from the tree to the sidewalk, whether and how the roots spread in the area or under the slab at all, or any explanation for how this tree raised this sidewalk. Thus, it was proper to reject the expert's contentions as net opinions in dismissing plaintiffs' claims. See Dawson v. Bunker Hill Plaza Assocs., 289 N.J. Super. 309, 324 (1996) (holding that summary judgment was proper when an expert offered a net opinion of causation and the non-moving party could not make "a prima facie showing of a causal relationship between [the injury] and [the] alleged negligent conduct . . . ."); Kieffer v. Best Buy, 205 N.J. 213, 220 n.4 (2011) ("A net opinion is 'an expert's bare conclusions, unsupported by factual evidence [which fails] to explain a causal connection between the act or incident complained of and the injury . . . .'") (quoting Buckelew v. Grossbard, 87 N.J. 512, 524 (1981)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION